Good morning, may it please the court, I'm Myrna Beers representing Juan Pacheco. The district court erred when it denied Mr. Pacheco's motion to dismiss the indictment charging him with illegal reentry after deportation because there had been in fact a due process violation in his immigration proceedings. Mr. Pacheco was eligible for 12-1 to see relief because he had been domiciled in the United States for at least seven years and he had not received a sentence of more than five years for an offense which was an aggravated felony. The immigration judge erroneously told him that he was not eligible for relief and this constituted an effect, as a consequence Mr. Pacheco's waiver of his right to appeal was neither considered nor intelligent and this constituted and effectively deprived him of both administrative review and judicial review. Now, if I remember correctly, the critical question that the magistrate judge and the district court focused on was whether or not he suffered any prejudice. Yes, that's correct. The magistrate judge said yes and the district court said no. That's correct. The district court did not really consider whether he was in fact eligible for relief, although on de novo review before this court I would, and because the government focused so much on the question of eligibility, I would argue and I think it's clear that he was in fact eligible. As far as the prejudice aspect of this case, the district court in essence disregarded the evidence that had been presented as far as Mr. Pacheco's community ties, his familial ties, the fact that he had a daughter, a United States citizen daughter, a United States citizen mother and siblings, and particularly as far as his contact with his family and the aspect related to his daughter where she had been abandoned by the mother and was living with the grandmother, Mr. Pacheco's mother. The district court did that because in finding that his communication to an immigration law attorney who actually testified before the magistrate court, the district court found this to be essentially self-serving when in fact there had been no rebuttal of any of this evidence that was presented and the government never objected to the interest reduction of this type of hearsay evidence before the magistrate judge. I thought there was a view that the district judge relied on the client's admissions that there had been no contact with his family for a large number of years. Your Honor, there was some information in a pretrial services report when Mr. Pacheco was originally arrested in which he, the report stated that he had said that he had no contact with the child. However, before the magistrate court judge, before the magistrate judge, through Mr. Tariq Sultan, who was the immigration attorney who was helping and testified before the judge, it was clear that Mr. Pacheco said that he had maintained. So he told pretrial probation one thing, he told the expert something else, and the judge believed what he said to the pretrial attorney. Isn't that what happened on the district court? Well, correct. And both of those were hearsay statements, obviously. So the district court judge chose to place greater weight on what the hearsay testimony in a pretrial services report than the district court. And is that an abuse of discretion or a legal error? Or why couldn't the district judge credit the one over the other? Well, I think that in this case it certainly was abuse of discretion on the judge's part because there was no – it seemed arbitrary to choose the one type of testimony against the other and without any sort of corroboration. So I would argue, Your Honor, that it was, in fact, abuse of discretion. Going – I do believe that, again, continuing on the – on whether Mr. Pacheco suffered prejudice or not, I think that even given the standard, given his criminal history of his having to present unusual and extraordinary equities in his case, that he did that and, therefore, there was a plausible grounds for relief in his case. And if I may go back and address the eligibility question, the government advanced several rationales for why it believes that Mr. Pacheco was not eligible for relief. And they would – and what they've done is basically put forth a standard of actual reliance that is contrary, I believe, to St. Cyr and to the jurisprudence of this Court in these cases. Because – and I think that the case of Palladas Galan is particularly illustrative on this case. The government seems to argue that at each and every step, Mr. Pacheco must have actually relied on the fact of there – of his being eligible for relief. When the case law changes, and in several of these cases, and particularly in Palladas Galan, it was not until the case was before this Court that the Court determined that the appellant's prior felony was, in fact, not an aggravated felony, because before that, the immigration judge had relied on some precedent within the administrative system that the annoy-molest statute, California annoy-molest statute was a case – was an aggravated felony, so decided – instructed the appellant that he was not eligible, and it wasn't until we went through all of the district court proceedings and appellate proceedings before this Court that it was determined that that, in fact, was not an aggravated felony. So applying the government's logic in that case, Mr. Palladas Galan would never have been able to demonstrate that he was eligible for relief. And I'd like to reserve the balance of my time for rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Celeste Corlett here on behalf of the United States. The district court correctly denied the defendant's motion to dismiss his indictment, and the district court's order is supported on at least three different grounds. I'll briefly state those and then discuss each one with you. First, the defendant statutorily was ineligible for 212C relief because he had not met the seven-year unrelinquished domicile requirement. Second, he was statutorily ineligible for 212C relief because he had an aggravated felony conviction. And third, the defendant statutorily was ineligible for 212C relief because he had not met the seven-year unrelinquished  Mr. Palladas, did you want to comment on the higher standard of prejudice, of showing a prejudice by the district court? The higher standard, you said? Yes, Your Honor. I thought it was plausibility of that he had a case for relief. Exactly. It starts out as the... What's that higher than? It has to show outstanding equities. Let's assume hypothetically that if we disagree with you on the first two points and we got down to the third, why should we engage in that kind of prejudice analysis if he's statutorily eligible? Why should you engage in statutorily? If you indulge me for a minute, we often get these cases on the immigration side and what the DOJ lawyers kind of tell us, don't look behind the curtain. Your only job is to determine eligibility. You shouldn't look at these other factors. That's a case-by-case analysis. Why shouldn't we apply that logic here? Well... I'm assuming hypothetically that we disagree on your first point, which we understand and I'm not prejudging that, but this is the question that sort of interests me. So you're asking me why should this court look at the prejudice factor? Right. You're saying there's no way he can win on prejudice, but that's not really our decision. And if we carry to this logical extreme, then we do a case-by-case analysis of all these cases based on the facts, which the other part of the DOJ would like us not to do. I didn't want to sandbag you with that, so I just want to lay it out there. Well, since the district court did base its decision, it assumed for the sake of argument, as you did, that he was ineligible or he was eligible for 212C relief, and so it based its decision on the prejudice factor. Right. Why should we do that? We have a decision by the magistrate judge saying, no, he's shown enough, the district judge has shown enough, if he's statutorily eligible. Why shouldn't we just remand and determine whether he's going to get relief or not? Well, I think that that's, I frankly don't have any cases that I can supply to you, but I could do that afterwards. For me, it looks like what the district court judge did was a merits determination. It was not eligible for 212C relief. I'm forgetting the statutory requirements. That is, it seems like what the district court did was he performed the role of an immigration judge. Which was he looked at all the equities and everything, and he says, ah, basically his record and everything, there's no way he's ever going to get, he could have ever gotten 212C relief. But that doesn't seem to be appropriate, as Judge Thomas says, or raises in the question. You'd better find the cases if you don't have them. My recollection is the same as yours, that there's, in our cases, we have a prejudice requirement, and the test is, is it plausible that he would get relief? But if you don't come up with those cases, you may run into some trouble. But my recollection is that that is our law, right or wrong. Well, I'm just looking at the brief, and in our brief we're talking about how the court must balance those different adverse factors. Well, Judge Thomas and Judge Breyer are saying something perfectly logical. Why should that be the rule, that we make that determination when normally we're told not to? But this is a criminal case, and I think that we have said that that's what we do in these cases. We decide whether the due process failure has any prejudicial effect. And the way we decide it is by seeing if his claim was a plausible one, not whether it was a legal one, but whether it was one that had plausibility, meaning that there was a chance that he would win his case, which is a rather odd role for us to do in an immigration case. But I think you should supply the court with the cases that say that. Yes, Your Honor, I did see those in the brief on Gonzalez-Valero. We are relying on that to say that on that particular case that there's outstanding equities, that that's what the defendant must demonstrate. And it's not the same standard. I mean, when you're saying it has to be a plausible basis. It's got to be a plausible claim. Right. So that's not. And then you might show us what that means, how that's been construed. I mean, I remember cases some years ago where we were struggling with the idea of what does that mean, that it's got to be plausible. But I have another question. I don't want to take you away from that if you have a better answer than we've gotten so far. Which is the magistrate judge seemed to find that he did have sufficient ties to the family and the district judge made a different factual finding. He went into it in more detail and said he rejected that finding. What's our standard for determining whether the district judge can reverse the magistrate's factual finding and whether we should rely on his rather than the magistrate's? Well, the magistrate judge, I'm sorry, the district court did review all of the facts de novo. He did have the transcript of the hearing. And importantly, what he said was that the witnesses' statements, and I did want to correct, defense counsel said I believe that the defendant was an expert. Both the magistrate judge and the district court said that no, they were not taking his testimony as an expert. So he wasn't testifying as an expert, but rather he was testifying as a person who had talked to the defendant and relaying to the court what the defendant had said. And the district court had found that his statements were not plausible, especially considering That's what I'm asking. You're saying that the district judge reviews the facts de novo? Correct. And so we just look at his factual findings. Yes. And he does not have to consider the weight of the magistrate's findings. That you don't have to consider? No, he, the district court. So he doesn't have to consider the weight. Well, the district court did consider it, and he found that it wasn't, that that witness wasn't plausible, since he's allowed to, or it's allowed to review it, the testimony de novo. He's allowed to say that that was not plausible testimony. And especially since you had said, you know, why should you take one over the other,  And as the court said, the defendant had, had motivation to change the facts or to mold those facts into something that would fit what this witness was looking for, which was a plausible relief. And the district court looked at what he had told pretrial services on his initial arrest before he had this motivation to change the facts to comport to what he was trying to achieve through his motion to dismiss. So I think that's, that's important that the district court looked at that. And just briefly on the, back to the statutorily ineligibility, the defendant, it's at the time that he entered into the plea agreement, according to St. Cyr, that it has to be, he has to be eligible for 212C relief at the time of his plea agreement, under the law, then in effect, and at the time of his plea agreement, he had only been domiciled in the United States for five years, so he did not have an expectation that he was going to have 212C release, because at the time that he entered into his plea agreement, he had not obtained the five years, and also at the time he had entered into his plea agreement, he had committed this aggravated felony and had already served more than five years in prison, and so he was also ineligible under that factor. As my time is about to expire, Your Honors, I would just rely on our brief for the remainder of our arguments, unless the Court has additional questions for me. Thank you, counsel. Thank you. I believe Judge Pius got it exactly right when the Court observed that what the district court did was essentially just go right to the merits and perform the function of an immigration court judge, which is in fact not what the standard is. I suppose, but you know, it's kind of, and that's I think for me the toughest part of the case, if we get down there past the statutory factor, but if you look at this on a common sense basis, it's awfully tough for me to see how he gets relief. I think it's unlikely. Now, whether that's different for me than plausible, and it depends on what our role is, but what do you think his best equities are that would make him a plausible case for relief? His significant family ties in the United States, the fact that he came into the United States when he was five years old and that all of his family resided here in the United States, certainly any family that he had any sort of contact with was here in the United States. His deportation, when he was deported to Mexico, he had no ties in Mexico. The fact that the circumstances surrounding the situation with his child, the fact that she had been abandoned by the mother and was living within the family, the fact that he had the economic hardship that would visit not only upon him, but upon his family, because in Mexico there would be such a difference, such a disparity in his ability to make a living. And not only that, but there was evidence, I believe, presented that he had in fact rehabilitated himself from some of the influences in his youth. He had been admittedly a gang member, but he had disavowed that. He had taken parroting classes. He had completed his GED. He had turned away from that type of lifestyle. I understand how difficult it is to craft some sort of line between what is plausible and what is unlikely, but you have a single case from the Board of Immigration Appeals that would indicate that relief would be granted under circumstances such as the ones that your client presents, doing it in the light most favorable to your client. Well, Your Honor, I think that there are several cases in which offense is more serious than Mr. Pacheco's offenses, including rape and clear. I believe that it may be Ubaldo. I'm not sure about that. And I do believe that the Court does not have to remand this case to make a redetermination as to prejudice, because I think Ubaldo states that when that has been presented below and considered by the district court, this court may make that determination. The other thing that I would just, if I may briefly mention, is, again, that there really was no principled reason to adopt the hearsay evidence presented in the pretrial services report versus what was presented through the testimony. And regardless of whether Mr. Sultan was an expert or not, he was somebody that had spoken to the defendant, just as pretrial services officer had, and that evidence was not objected to by the government at the hearing. Thank you. Thank you, counsel. The case at Carragher will be submitted.
judges: Reinhardt, Thomas, Paez